Filed 8/21/23  Marriage of Sieber CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ALBERT and MIROSLAVA SIEBER. | H050755 (Santa Cruz County Super. Ct. No. 16FL01126) |
| ALBERT SIEBER, Appellant, v. MIROSLAVA SIEBER, Respondent. | |

**MEMORANDUM OPINION[1]**

Albert Sieber, representing himself, appeals from a January 2023 order setting spousal support arrears owed by him to respondent Miroslava Sieber.[2]  Because Albert has not provided an adequate opening brief to enable meaningful appellate review, we affirm.

We are required to presume that the trial court's order is correct.  The appellant bears the burden of affirmatively showing an error based on the record presented to the trial court.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)  A clerk's

_____

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

[2] As the parties share a surname, we will refer to them by their first names for clarity.

transcript, which is the method Albert elected to use to provide the record on appeal, consists only of the documents designated by an appellant for the trial court clerk to include in the record, and only of documents that were filed or lodged in the trial court at the time the court issued the order being appealed.  (See Cal. Rules of Court, rule 8.122; *Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 723.)  The appellant's opening brief must provide a summary of significant facts limited to matters in the record, include record citations in support of factual assertions, identify the relief sought, and explain why the order appealed from is appealable.  (Cal. Rules of Court, rule 8.204(a)(1)(C), (a)(2)(A), (a)(2)(C).)  The appellant must also include in the brief argument and legal authority to support their contentions.  (See Cal. Rules of Court, rule 8.204(a)(1)(B).)

Albert's brief does not comply with these requirements.  The opening brief consists of unsupported factual assertions that do not cite the record on appeal.  The record itself does not include the documents we would need to review the support arrears order.  As designated by Albert, the record contains only a January 2023 findings and order after hearing, Albert's notice of appeal from that order, and Albert's designation of the record on appeal.[3]  He did not include any request for order or motion that initiated the support proceedings, any response to that motion, or any evidence the trial court considered in issuing the January 2023 order.  Although Albert attached various documents to his notice designating the record on appeal, the only attachment that we might infer was before the trial court in issuing the order appealed from is the stipulation and order filed September 5, 2017.  To the extent he attached other documents to which he refers in his appellate brief, there is nothing in the designated record confirming that the documents were lodged or filed with the trial court when it issued the January 2023 order, so we would not consider them.  (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [in reviewing an order on appeal, the appellate court

---

[3] Albert elected to proceed without a record of the relevant oral proceedings.

generally considers only matters that were part of the record at the time the order was issued].)

Nor does Albert cite any legal authority in his brief, or otherwise provide reasoned legal argument. Albert's burden to demonstrate error on appeal "requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852, fn. omitted.) Given the deferential standard of review this court must apply, the limitations in Albert's brief make it impossible for us to determine the nature of any alleged error in the trial court's order.

According to the January 2023 order, the trial court determined spousal support arrears "based on the testimony of [Miroslava]. . . ."[4] We review orders pertaining to spousal support arrears under the abuse of discretion standard, and affirm the decision if there is substantial evidence to support it. (See *In re Marriage of Blazer* (2009) 176 Cal.App.4th 1438, 1443; *In re Marriage of Judd* (1977) 68 Cal.App.3d 515, 525.) Here we are hampered because Albert has not identified in what way substantial evidence does not support the trial court's findings regarding spousal support arrears, or in what way the trial court made a legal error. " 'It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings.' [Citation.]" (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Without citations to the record and reasoned legal argument, we cannot evaluate either the sufficiency of the evidence, or whether the trial court abused its discretion in making the

_____

[4] The trial court also ordered the parties to "sell the home." Albert does not discuss this part of the order in his opening brief, and we will not address it on appeal.

3

January 2023 order.  As a result, we presume that the court's order setting arrears was correct.  This presumption is " 'not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' "  (*Jameson*, *supra*, 5 Cal.5th at p. 609, quoting *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

We are mindful of the fact that Albert is self-represented, but this does not exempt him from compliance with the general rules set forth above.  We must treat a party who acts as his own attorney like any other party and hold him to the rules of procedure.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [failure by self-represented litigant to cite to record and support contentions with appropriate discussion waives claims of insufficiency of the evidence].)  Although we may exercise our discretion to construe a self-represented litigant's brief liberally in an effort to determine the nature of his arguments, here Albert has not provided us with a brief that makes meaningful review possible.

## DISPOSITION

The January 6, 2023 order is affirmed.  In the interests of justice, no costs are awarded because Miroslava did not file a respondent's brief.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

H050755
Sieber v. Sieber